IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

JUSTIN M. TRUCKEY,

                      Petitioner,

v.

WARDEN GIERACH,

                      Respondent.

OPINION and ORDER

23-cv-500-wmc[1]

Pro se petitioner Justin M. Truckey is incarcerated at Redgranite Correctional Institution. He has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254 challenging his 2005 conviction for first-degree sexual assault of a child. Dkt. 1. He has paid the $5 filing fee, so the next step is to conduct a preliminary review of the petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases. Under this rule, I must dismiss the petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." In reviewing this pro se petition, I must accept the allegations as true and construe them generously, holding it to a less stringent standard than formal pleadings drafted by lawyers. *Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011). Because Truckey's claims are unexhausted and untimely, I will dismiss the petition.

Truckey seeks habeas relief on three grounds: (1) trial counsel was ineffective by misinforming him of the consequences of his plea agreement and failing to object when the prosecutor breached that agreement; (2) the prosecutor breached the plea agreement by arguing

---

[1] I am exercising jurisdiction over this case for the purpose of screening only.

at sentencing for a 50-year sentence rather than 20 to 40 years as agreed; and (3) he has been denied due process and postconviction appeal rights.

Truckey cannot proceed because has not exhausted his state-court remedies. Before seeking a writ of habeas corpus in federal court, Truckey must first exhaust any remedies that are available to him in state court, including any appeals. 28 U.S.C. § 2254(b)(1)(A); *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999); *Perruquet v. Briley*, 390 F.3d 505, 514 (7th Cir. 2004). To exhaust his state remedies, Truckey must fairly present his claims "throughout at least one complete round of state-court review, whether on direct appeal of his conviction or in postconviction proceedings." *Richardson v. Lemke*, 745 F.3d 258, 268 (7th Cir. 2014); 28 U.S.C. § 2254(b)(1).

As the state's publicly available court records confirm, Truckey has not done this.[2] After Truckey was convicted in 2005, his attorney filed a no-merit report under the procedure specified in Wis. Stat. § 809.32 and Truckey did not respond or seek review by the Wisconsin Supreme Court. Truckey filed nothing in his state criminal case until April 7, 2023, when he filed the first of two motions arguing ineffective assistance of counsel and that the prosecution breached the plea agreement. *See* Dkt. 1-1 at 11–14. The circuit court denied the motions in May and June of 2023, and Truckey apparently filed this federal habeas petition instead of appealing those rulings to the Wisconsin appellate courts. A petitioner "cannot simply opt out of the state review process because he is tired of it or frustrated by the results he is getting." *Cawley v. DeTella*, 71 F.3d 691, 695 (7th Cir. 1995). Truckey has not yet exhausted his state court remedies, so his petition is premature and I will dismiss it without prejudice.

---

[2] *See* https://wcca.wicourts.gov.

However, if Truckey decides to refile his petition after exhausting his state-court remedies, he should know that this petition is, and any future § 2254 habeas petition will likely be, untimely. A person filing a habeas corpus petition under § 2254 must meet the time limitations imposed by 28 U.S.C. § 2244(d)(1). The statute imposes a one-year limit on the petitioner, which is measured from the latest of four events described in the statute, one of which is relevant here. Specifically, "the date on which judgment became final by the conclusion of direct review or the expiration of time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). The Wisconsin Court of Appeals affirmed Truckey's conviction on December 12, 2006. Because Truckey did not seek state supreme court review, his conviction became final on January 11, 2007. *See* Wis. Stat. § 808.10(1) (establishing a 30-day deadline to file a petition for review in the Wisconsin Supreme Court). His one-year statute of limitations for bringing a federal habeas petition thus began to run on January 12, 2007.

As noted, Truckey did not file anything in his state criminal case until he requested an evidentiary hearing on April 7, 2023, more than 15 years after his deadline to file for federal habeas relief had passed, and "a state proceeding that does not begin until the federal year expired is irrelevant." *De Jesus v. Acevedo*, 567 F.3d 941, 943 (7th Cir. 2009). Truckey states in his petition that he "did not get any postconviction proceeding until" now. Dkt. 1 at 13. But Truckey did not previously request any such proceeding and the filing of the no-merit report and its acceptance by the state court of appeals did not prevent him from pursuing his remaining state remedies or from filing a federal habeas petition before now. *See* § 2244(d)(1)(B) (a state-created impediment to seeking relief tolls the running of the federal habeas statute).

Truckey's habeas petition is thus untimely by more than 15 years, and any future § 2254 petition he files in federal court will also likely be untimely. Truckey may overcome the time bar by showing that he qualifies for equitable tolling because he has been pursuing his rights diligently and some extraordinary circumstance prevented timely filing. *See Holland v. Florida*, 560 U.S. 631, 649 (2010). Alternatively, he could argue for an exception to untimeliness based on a credible claim of actual innocence. *See McQuiggin v. Perkins*, 569 U.S. 383, 399 (2013); *Arnold v. Dittmann*, 901 F.3d 830, 837 (7th Cir. 2018). For now, however, this petition must be dismissed.

Under Rule 11 of the Rules Governing Section 2254 Cases, the court must issue or deny a certificate of appealability when entering a final order adverse to a petitioner. To obtain a certificate of appealability, the applicant must make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *Tennard v. Dretke*, 542 U.S. 274, 282 (2004). This means that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal quotations and citations omitted). For the reasons stated, reasonable jurists would not debate my rulings that Truckey has not yet exhausted his state court remedies, and that his petition is untimely. No certificate of appealability will issue.

ORDER

IT IS ORDERED that:

1. Justin M. Truckey's petition for a writ of habeas corpus, Dkt. 1 is DISMISSED without prejudice for his failure to exhaust his state court remedies.

2. Petitioner is DENIED a certificate of appealability. Petitioner may seek a certificate from the court of appeals under Fed. R. App. P. 22.

3. The clerk of court is directed to enter judgment for respondent and close this case.

Entered July 27, 2023.

                              BY THE COURT:

                              /s/

                              _____
                              JAMES D. PETERSON
                              District Judge